Eastern District of Kentucky
**TENDERED**
Date 9-10-07
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

INFORMATION NO. 07-68-DCR

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | **PLEA AGREEMENT** |
| LEE WARREN, JR. | DEFENDANT |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1, 2, and 3 of the Information, charging violations of 21 U.S.C. § 846, conspiracy to distribute marijuana and cocaine and 18 U.S.C. § 1956(h), conspiracy to laundry money. The Defendant will also enter a guilty plea to Count 4 charging criminal forfeiture.

2. The essential elements of Count 1 are:

   (a) The Defendant did conspire to knowingly and intentionally distribute 100 kilograms or more of marijuana;

   (b) Marijuana is a Schedule I controlled substance.

The essential elements of Count 2 are:

   (a) The Defendant did conspire to knowingly and intentionally distribute 500 kilograms or more of cocaine;

   (b) Cocaine is a Schedule II controlled substance.

The essential elements of Count 3 are:

(a) The Defendant did conspire to knowingly transport funds, and to conduct and attempt to conduct and engage in financial and monetary transactions in criminally derived property affecting interstate and foreign commerce in the Commonwealth of Kentucky;

(b) The Defendant knew that the transactions involved proceeds of the specified unlawful activity of distribution of controlled substances; and

(c) The Defendant intentionally conducted the transactions to promote the said distribution and to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said distribution.

3. As to Counts 1, 2, and 3, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about the dates and locations enumerated in Counts 1 and 2 of the Information the Defendant did conspire with others to distribute 100 kilograms or more of marijuana a schedule I controlled substance and not less than 2 kilograms but not more than 3.5 kilograms of cocaine a schedule II controlled substance.

(b) On or about the dates and locations enumerated in Count 3 of the Information the Defendant did engage in purchasing and selling real property, specifically the real property listed in Count 4, with funds or partial funds derived from the distribution of controlled substances.

4. The statutory punishment for Count 1and 2 is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $ 2,000,000, and a term of supervised release of not less than 4 years. **If a prior felony drug conviction:** imprisonment for not less than 10 years and not more than life, a fine of nor more than

$4,000,000, and a term of supervised release of not less than 8 years. The statutory punishment for Count 3 is imprisonment for not more than 20 years imprisonment, a fine of not more than $ 500,000 or twice the value of property involved in the transaction, whichever is greater, and not more than 3 years of supervised release. A mandatory special assessment of $ 300.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. The Defendant has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

>(a) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction, including any order of restitution.

9. The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure [pursuant to 5K1.1 and/or] from the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.

10. The United States Attorney's Office for the Eastern District of Kentucky agrees not to seek prosecution of Maria Warren and Lee Warren III for conspiring with the Defendant to violate the federal laws enumerated in the Information.

11. The Defendant will forfeit to the United States all interest in the items listed in Count 4 and will execute any documents necessary for this forfeiture.

12. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure

Page 4 of 6

statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

Date: 9/10/2007      By: _____
Gregory A. Ousley
Assistant United States Attorney

Date: 9/10/07    _____
                 Lee Warren, Jr.
                 Defendant

Date: 9/10/07    _____
                 Derek Gordon
                 Attorney for Defendant


**APPROVED**, this _____ day of _____, 2007.


                                 _____
                                 UNITED STATES DISTRICT JUDGE